## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **THEOLPHUS STREET,** | ) | |
| No. N02615, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-00706-JPG** |
| | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **RICK HARRINGTON, and** | ) | |
| **ALEX JONES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Theolphus Street, an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of confinement at Menard.  By separate motion (Doc. 3), Plaintiff also moves for class certification and/or joinder of this action with three other similar cases pending in this district:  *Turley v. Rednour*, Case No. 10-789-MJR); *Pyles v. Gaetz*, Case No. 13-299-MJR; and *Turley v. Harrington*, Case No. 13-737-MJR.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.   At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff Street groups his claims into two counts.   The first pertains to the practice of double-bunking inmates—many who are high security inmates—in extremely small cells in the general population and segregation units.   By Plaintiff's account, in some cells there is less than 20 square feet of unencumbered floor space for two inmates to share.   The size of the cells, combined with the frequent cancellation of exercise periods and other opportunities to leave the cell, have taken a physical and mental toll on him and the other inmates.

The second claim can be said to be causally related to the first claim.   It is alleged that since June 2013 at least seventy prisoners have been added to the already crowded population at Menard, causing the overall conditions to deteriorate, in contravention of *Lightfoot v. Walker*, 486 F.Supp. 504 (S.D. Ill. 1980).   In *Lighfoot*, a class action by inmates at Menard, the prison was directed to establish a plan to provide healthcare and bring the conditions of confinement related to health and hygiene up to constitutional minimums.

It is alleged that "the Defendants" are aware of the conditions of confinement and overcrowding because, aside from obviously being present, the John Howard Association of Illinois, a watchdog group, has repeatedly raised these issue and has published a monitoring report in 2013 (Doc. 1-1. Pp. 7-60).  Plaintiff refers to "the institution's historical indifference" (Doc. 1, p. 9).

Warden Kimberly Butler, former warden Rick Harrington, and assistant Warden Alex Jones are the named defendants, sued in their official and individual capacities.  Plaintiff seeks declaratory judgment, compensatory and punitive damages, and injunctive relief.   If the conditions and overcrowding cannot be remedied, a release order is suggested.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.   The designation of these counts does not constitute an opinion as to their merit.

**Count 1:  Defendants were deliberately indifferent to the conditions of confinement stemming from housing two inmates in small cells for extended periods of time and without adequate opportunities for exercise, in violation of the Eighth Amendment; and**

**Count 2:  Defendants were deliberately indifferent to the conditions of confinement stemming from overcrowding, in violation of the Eighth Amendment.**

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety.  *See Estate of Miller, ex rel.*

*Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).  Incarcerated persons are entitled to confinement under humane conditions which provide for their "basic human needs." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *see also Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Rice ex rel. Rice v. Correctional Medical Services*, (7th Cir. 2012).  The conditions described in the complaint fall within the ambit of the Eighth Amendment.

A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  That the official had actual knowledge of impending harm can be inferred from circumstantial evidence.  *Id.* at 842; *James v. Milwaukee County,* 956 F.2d 696, 700 (7th Cir.1992); *Peate v. McCann,* 294 F.3d 879, 882 (7th Cir.2002).  Furthermore, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Whether the complaint adequately alleges personal involvement by each named defendant is a close call.  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  None of the three defendants named in the caption is named in the narrative of the complaint.  However, personal involvement is sufficiently pleaded based on the complaint as a whole, and the general allegation that "the Defendants" were aware of the conditions encompassing the entire facility.  Therefore, at this juncture, Counts 1 and 2 will be allowed to proceed.  How far the case proceeds remains to be seen.

**Disposition**

   **IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1 and 2** shall
**PROCEED** against Defendants **KIMBERLY BUTLER**, **RICK HARRINGTON** and **ALEX
JONES**.

   The Clerk of Court shall prepare for Defendants **KIMBERLY BUTLER**, **RICK
HARRINGTON** and **ALEX JONES**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive
Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is
**DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to
each Defendant's place of employment as identified by Plaintiff.   If a Defendant fails to sign
and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date
the forms were sent, the Clerk shall take appropriate steps to effect formal service on that
Defendant, and the Court will require that Defendant to pay the full costs of formal service, to
the extent authorized by the Federal Rules of Civil Procedure.

   With respect to a Defendant who no longer can be found at the work address provided by
Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if
not known, the Defendant's last-known address.  This information shall be used only for sending
the forms as directed above or for formally effecting service.  Any documentation of the address
shall be retained only by the Clerk.  Address information shall not be maintained in the court file
or disclosed by the Clerk.

   Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is
entered), a copy of every pleading or other document submitted for consideration by the Court.
Plaintiff shall include with the original paper to be filed a certificate stating the date on which a
true and correct copy of the document was served on Defendants or counsel.  Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, including consideration of Plaintiff's motion for class certification and/or joinder (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: July 16, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**
