UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THEOLPHUS STREET,

       Plaintiff,

    v.                                                        No. 14-cv-706-JPG-PMF

KIMBERLY BUTLER, RICK
HARRINGTON and ALEX JONES,

       Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 27) of Magistrate Judge Philip M. Frazier recommending that the Court dismiss this case without prejudice for failure to timely pay the full initial partial filing fee of $57.83.   As of today, Street has paid a total of $8.52 and still owes the Court $49.31.   Street has objected to the Report, noting that the substantial deposits upon which his filing fee was assessed in part were specifically for him to spend at the commissary, not for general purposes.   He further notes that he does not have more than $30.00 or $40.00 available at any one time.   He states that he is in the process of collecting the remaining fees due ($49.31) and asks the Court for 45 more days to pay the full initial partial filing fee.   Despite this representation, Street has not made any payment toward his fee since January 2015.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.   Fed. R. Civ. P. 72(b)(3).   The Court must review *de novo* the portions of the report to which objections are made. *Id.*   "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."   *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.

1999).

The Court has reviewed the matter *de novo* and agrees with Magistrate Judge Frazier. Having received more than $80 in deposits since October 2014 and having spent the vast majority of that money at the commissary, Street had the assets to fulfill his initial partial filing fee obligation to the Court.   *See Sutton v. Fenoglio*, 775 F.3d 888, 890 (7th Cir. 2015).   Furthermore, Street has not shown that the failure to remit the fee is not his fault; had he not spend his money at the commissary, the balance in his account would have exceeded $10 and the prison would have forwarded a partial payment to the Court.   *Id.*   Street must now live with the spending choices he has made.

However, the Court will allow Street one last chance to remit the balance due. Accordingly, the Court **ORDERS** that Street shall have up to and including August 31, 2015, to pay the remaining fee due, $49.31.   If he does not timely pay this sum, the Court may adopt the Report and dismiss this case without prejudice without further notice.

**IT IS SO ORDERED.**
**DATED:   August 5, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2